GENERAL MOTORS ACCEPTANCE CORP., PLAINTIFF, *v.* JENKINS ET, DEFENDANTS.

Common Pleas Court, Hamilton County.

No. A-178694.   Decided November 30, 1961.

*Mr. Charles H. Tobias, Jr.*, of *Messrs. Steer, Strauss & Adair*, for plaintiff.

*Mr. Melvin J. Kessel* of *Messrs. Dolle, O'Donnell, Cash, Fee & Hahn*, for defendants.

SCHNEIDER, J.   This matter was submitted to the Court upon a stipulation of facts.

In July of 1959, defendants purchased an automobile in part payment for which they executed a contract with the seller of the automobile agreeing to pay thirty-six installments.   The contract was assigned by the seller to Plaintiff.

After a number of payments, Defendants failed to pay the installments due on April 28th, 1960, and thereafter.

In June of 1960, plaintiff repossessed the automobile.

On June 7th, 1960, plaintiff mailed to defendants notices to the effect that unless, prior to June 20th, 1960, their right to redeem is exercised, the automobile would be offered for sale on June 20th, 1960, at 10 o'clock A. M., at a particular place in New Smyrna Beach, Florida, to the highest bidder, provided the price at which it is sold shall not be less than $1800.00, and that in the event that the price at which it is sold is less than the amount due and unpaid defendants would be obligated to pay the deficiency resulting from said sale.

No bid was received at said sale equal to or exceeding $1800.00.

The notice of sale was addressed to Defendants by certified mail to two addresses: 821 Ninth St., New Smyrna Beach, Florida and 8362 Wooster Pike, Cincinnati, Ohio.   No question is raised as to the correctness of these addresses.

The Court assumes that Defendants resided at both addresses.   The Court also assumes that the automobile was repossessed in Florida, in view of the stipulation that on June 20th, 1960, it was at the premises of Nieburger Chevrolet at New Smyrna Beach, Florida.

On August 5th, 1960, said automobile was sold for a price of $2250.00 at Jacksonville, Florida.   No further formal notice was given with respect to the sale of the automobile.   However, on July 6th, 1960, a letter was addressed by plaintiff to the defendants stating to them the facts herein noted and suggesting

that defendants contact plaintiff's office in Jacksonville, Florida regarding the amount due and urging that same be paid immediately.

The question is whether Section 1319.07, Revised Code, was complied with so as to entitle plaintiff to a deficiency judgment.

Defendants maintain that since no sale was actually held on June 20th, 1960, for want of bidders, it would be necessary, in order to entitle plaintiff to a deficiency judgment, that another notice be sent to Defendants again setting forth specifically the time and place of sale.

This Court is unable to subscribe to that claim. True, the statute is enacted for the protection of the mortgagor of chattel property, but plaintiff in the instant case, having once given the notice of specific time and place of sale, as provided by the statute, the defendants had ample opportunity to protect their interests in the automobile. Thereafter, no bidders having appeared, plaintiff had the right to dispose of the property at any price obtainable not less than the minimum fixed in his notice, provided only that he exercise due care and diligence in obtaining the best price possible. There is nothing in the record in this case to indicate that plaintiff failed in this respect.

It follows, that a judgment entry may be presented finding in favor of plaintiff herein.